SCHULTZ *v.* LABADIE.

CANCELLATION OF INSTRUMENTS—DEEDS—MENTAL COMPETENCY OF GRANTOR—APPEAL AND ERROR.

> In suit to set aside deed on ground of grantor's mental incompetency, where there was no showing that he was mentally incompetent if conscious, and question was one of fact as to consciousness, finding of trial judge thereon in favor of defendants is not disturbed, on appeal, in view of fact that judge had advantage of seeing witnesses, whose testimony seems to have been honest and uninfluenced.

Appeal from Wayne; Cross (Orien S.), J., presiding. Submitted June 18, 1930. (Docket No. 115, Calendar No. 35,090.) Decided October 3, 1930.

Bill by Ella Schultz and Charlotte M. Marx against Alvin G. Labadie and others to set aside a deed. From a decree dismissing bill, plaintiffs appeal. Affirmed.

*Charles P. O'Neil,* for plaintiffs.

*Ari H. Woodruff* and *Atkinson, O'Brien & Clark,* for defendants.

FEAD, J. This is a bill to set aside a deed on the ground of grantor's mental incompetency. The court entered decree dismissing the bill.

The grantor, Antoine Labadie, was 88 years of age, but of strong will and sound mind. On May 19, 1927, about noon, he had a stroke of apoplexy, a cerebral hemorrhage, causing a pressure between the skull and brain and producing unconsciousness. He later rallied somewhat but died in November. His heirs were two daughters, plaintiffs, two sons, defendants, another son, the children of two deceased sons, and his widow, Mary.

The deed was executed by Antoine Labadie and his wife at about 8:30 in the morning of May 20th. A will was made at the same time, providing for a life estate for the widow, with division of the remainder equally among the children. The deed covered lots which Antoine had let defendants use for a coal and ice yard since 1915, upon which they had erected expensive buildings, and which he had often said he would deed to them. Mr. Woodruff, an attorney, testified that on Sunday before the seizure Antoine had directed him to prepare the deed and will. When Antoine was stricken, defendants went to Mr. Woodruff's office for the evident purpose of having a deed drafted and executed before it was too late. Mr. Woodruff brought the papers to the home on the morning of May 20th and directed their execution.

The question is purely one of fact, whether Antoine was conscious when the deed was executed. There was no showing nor claim that he was mentally incompetent if he was conscious.

Defendants admitted that the grantor was unconscious from the time of seizure to about midnight. Other testimony carried the condition to

about 6:30 a. m. of May 20th. Plaintiff Marx testified grantor was unconscious at 8:15. Her husband said he was unconscious at little after 9. Plaintiff Schultz testified he was unconscious, although his eyes had opened, between 9 and 9:30. The widows of the deceased sons stated he was unconscious in the afternoon and evening. Two disinterested witnesses, grantor's sister-in-law, said he was unconscious at 11, and the attending physician stated that his condition late in the morning, as he remembered it, was as it had been the day before, unconscious.

Opposed to this was the testimony of defendants, of Mary Labadie, who was also one of the grantors, of Mr. Woodruff, an attorney, his grandson, Mr. Begole, also an attorney, and of an old friend and former business associate of Antoine, that he was conscious from 8 to 9 o'clock. The attorneys and Mary Labadie testified that Antoine recognized Mr. Woodruff, was able to say yes and nod his head; that the deed was read to him, he nodded acquiescence when asked if he understood it and wished to execute it, and accordingly it was signed by him, the attorney directing his hand to make a mark. The wife signed in the dining room, as did the witnesses.

The record discloses no outstanding circumstances which are conclusive of the situation. The question is one of credibility of witnesses. There was no medical opinion that the grantor could not have been conscious at the time the deed was executed. The course and effect of the disease upon consciousness were not shown. The record does not disclose deliberate attempt to color the facts. In truth, the testimony of all the witnesses seems honest and uninfluenced except by that unavoidable bias

which comes from interest. The weight of disinterested testimony favors the defendants. As the circuit judge had the advantage of seeing the witnesses, of practically controlling importance in a case of this kind, we do not feel that his view of the issue of fact should be set aside.

Decree is affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.